### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. McCURDY, JR., DANIEL L. WOODALL, JR., SAMUEL STATEN, SR., ANTHONY DePAUL, JOHN R. SMITH, JR., WADE STEVENS, JR., JAMES F. SASSAMAN, ANTHONY SAMANGO, JOSEPH BARILOTTI, JAMES DAVIS, JAMES HARPER and CHARLES TABOURN, in their fiduciary capacities as Trustees of the LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND | CIVIL ACTION |
| And | |
| THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND | NO. 02-2879 |
| And | |
| MELVIN R. BARNES, SR. ALTON EL, SAMUEL STATEN, SR., JAMES HARPER DANIEL L. WOODALL, JR., JOSEPH BARILOTTI, WALTER P. PALMER, III, WALTER P. PALMER, JR., DAVID GREENE, FRANCIS PIETRINI and MARK LORENZON, in their fiduciary capacities as Trustees of the LABORERS DISTRICT COUNCIL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND | |
| And | |
| THE LABORERS DISTRICT COUNCIL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND | |
| And | |
| DANIEL L. WOODALL, JR., WILLIE BRIGHT, RICHARD A. McCURDY, JR., WADE STEVENS, JR., SAMUEL STATEN, SR., JAMES HARPER, JOHN R. SMITH, JR., WALTER P. PALMER, ANTHONY SAMANGO, JAMES DAVIS and JOSEPH BARILOTTI, in their fiduciary capacities as Trustees of the LABORERS' DISTRICT COUNCIL EDUCATION AND TRAINING FUND | |
| And | |
| THE LABORERS' DISTRICT COUNCIL EDUCATION AND TRAINING FUND | |
| And | |
| JOHN R. SMITH, JR., JAMES F. SASSAMAN, DANIEL WOODALL, JR. AND | |

```
SAMUEL STATEN, SR., in their           :
fiduciary capacities as Trustees       :
of the LABORERS' DISTRICT COUNCIL      :
PREPAID LEGAL FUND                     :
            And                        :
THE LABORERS' DISTRICT COUNCIL         :
PREPAID LEGAL FUND                     :
            And                        :
THE LABORERS' DISTRICT COUNCIL OF      :
THE METROPOLITAN AREA OF               :
PHILADELPHIA AND VICINITY,LABORERS'    :
INTERNATIONAL UNION OF NORTH           :
AMERICA, WADE STEVENS, JR., As         :
Trustee Ad Litem                       :
            And                        :
JAMES HARPER, SAMUEL STATEN, SR.,      :
WADE STEVENS, JR., DANIEL L.           :
WOODALL, JR., THOMAS E. CURRY,         :
ROBERT E. LAVELLE, SR., JOSEPH         :
BARILOTTI, HARRY I. HOPKINS And        :
JAMES VAIL, in their fiducary          :
capacities as Trustees of the          :
LABORERS'-EMPLOYERS' COOPERATION       :
AND EDUCATION TRUST                    :
            And                        :
ROBERT E. LAVELLE and SAMUEL           :
STATEN SR., in their fiduciary         :
capacities as Trustees of LABORERS'    :
DISTRICT COUNCIL LOCAL REGIONAL        :
AND STATE HEALTH AND SAFETY            :
BENEFIT FUND                           :
            And                        :
LABORERS' DISTRICT COUNCIL LOCAL       :
REGIONAL AND STATE HEALTH AND          :
SAFETY BENEFIT FUND                    :
            And                        :
GENERAL BUILDING CONTRACTORS           :
ASSOCIATION                            :
                    Plaintiffs
                                       :
            vs.                        :
                                       :
WILLIAM STANCILL                       :
            And                        :
F&A SALES AND SERVICES, INC.           :
```

```
                And                    :
TOTAL CONSTRUCTION SERVICES, INC.      :
```

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Defendant, Total Construction Services, Inc., to Dismiss Plaintiffs' Complaint, it is hereby ORDERED and DECREED that said Motion is DENIED.

BY THE COURT:

_____
Stewart Dalzell, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. McCURDY, JR., DANIEL L. WOODALL, JR., SAMUEL STATEN, SR., ANTHONY DePAUL, JOHN R. SMITH, JR., WADE STEVENS, JR., JAMES F. SASSAMAN, ANTHONY SAMANGO, JOSEPH BARILOTTI, JAMES DAVIS, JAMES HARPER and CHARLES TABOURN, in their fiduciary capacities as Trustees of the LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND | CIVIL ACTION |
| And | |
| THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND | NO. 02-2879 |
| And | |
| MELVIN R. BARNES, SR. ALTON EL, SAMUEL STATEN, SR., JAMES HARPER DANIEL L. WOODALL, JR., JOSEPH BARILOTTI, WALTER P. PALMER, III, WALTER P. PALMER, JR., DAVID GREENE, FRANCIS PIETRINI and MARK LORENZON, in their fiduciary capacities as Trustees of the LABORERS DISTRICT COUNCIL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND | |
| And | |
| THE LABORERS DISTRICT COUNCIL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND | |
| And | |
| DANIEL L. WOODALL, JR., WILLIE BRIGHT, RICHARD A. McCURDY, JR., WADE STEVENS, JR., SAMUEL STATEN, SR., JAMES HARPER, JOHN R. SMITH, JR., WALTER P. PALMER, ANTHONY SAMANGO, JAMES DAVIS and JOSEPH BARILOTTI, in their fiduciary capacities as Trustees of the LABORERS' DISTRICT COUNCIL EDUCATION AND TRAINING FUND | |
| And | |
| THE LABORERS' DISTRICT COUNCIL EDUCATION AND TRAINING FUND | |

```
                And                           :
JOHN R. SMITH, JR., JAMES F.                  :
SASSAMAN, DANIEL WOODALL, JR. AND             :
SAMUEL STATEN, SR., in their                  :
fiduciary capacities as Trustees              :
of the LABORERS' DISTRICT COUNCIL             :
PREPAID LEGAL FUND                            :
                And                           :
THE LABORERS' DISTRICT COUNCIL                :
PREPAID LEGAL FUND                            :
                And                           :
THE LABORERS' DISTRICT COUNCIL OF             :
THE METROPOLITAN AREA OF                      :
PHILADELPHIA AND VICINITY,LABORERS':
INTERNATIONAL UNION OF NORTH                  :
AMERICA, WADE STEVENS, JR., As                :
Trustee Ad Litem                              :
                And                           :
JAMES HARPER, SAMUEL STATEN, SR.,             :
WADE STEVENS, JR., DANIEL L.                  :
WOODALL, JR., THOMAS E. CURRY,                :
ROBERT E. LAVELLE, SR., JOSEPH                :
BARILOTTI, HARRY I. HOPKINS And               :
JAMES VAIL, in their fiduciary                :
capacities as Trustees of the                 :
LABORERS'-EMPLOYERS' COOPERATION              :
AND EDUCATION TRUST                           :
                And                           :
ROBERT E. LAVELLE and SAMUEL                  :
STATEN SR., in their fiduciary                :
capacities as Trustees of LABORERS':
DISTRICT COUNCIL LOCAL REGIONAL               :
AND STATE HEALTH AND SAFETY                   :
BENEFIT FUND                                  :
                And                           :
LABORERS' DISTRICT COUNCIL LOCAL              :
REGIONAL AND STATE HEALTH AND                 :
SAFETY BENEFIT FUND                           :
                And                           :
GENERAL BUILDING CONTRACTORS                  :
ASSOCIATION                                   :
                      Plaintiffs
                                              :
                vs.                           :
                                              :
WILLIAM STANCILL                              :
                And                           :
F&A SALES AND SERVICES, INC.                  :
```

```
            And                         :
TOTAL CONSTRUCTION SERVICES, INC.       :
```

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE MOTIONS OF DEFENDANTS WILLIAM STANCILL, F&A SALES AND SERVICES INC. AND TOTAL CONSTRUCTION SERVICES TO DISMISS PLAINTIFFS' COMPLAINT

### I.  FACTUAL BACKGROUND

This is an action by Plaintiffs seeking recovery of contributions to benefit funds pursuant to Collective Bargaining Agreement between Plaintiff, Union and Pyramid Construction Group, Inc.  Plaintiffs previously initiated the case of *McCurdy, et al. v. Pyramid Construction Group, Inc.*, No. 01-840, seeking to determine the amount of and then recover delinquent benefit fund contributions due under the Collective Bargaining Agreement.  On February 5, 2002, on the eve of trial in the *McCurdy v. Pyramid* matter, Pyramid filed a Voluntary Petition for Bankruptcy.  The case is No. 02-11149 pending in the United States District Court for the District of New Jersey.  The case has been filed under Chapter 7 of the United States Bankruptcy Code.  A true and correct copy of the Cover Sheet and Summary of Schedules of the Bankruptcy Petition are attached as Exhibit "A" hereto.

Defendant, William Stancill, is the sole owner and officer of Pyramid Construction Group, Inc.  Defendant Stancill is also the sole officer and shareholder of Defendant F&A Sales and

Services, Inc. (hereinafter, "F&A")  F&A operated from the same premises as did Pyramid, utilized the same address, telephone number, computer system and office personnel.  Like Pyramid, F&A performed interior demolition work.  In addition, workers interchangeably performed work for Pyramid and F&A.  While Pyramid was a union contractor, F&A was a non-union contractor during the time period at issue.

As previously noted, on February 5, 2002, Defendant Stancill authorized the filing of a bankruptcy petition on behalf of Pyramid.  On or about March 25, 2002, Stancill formed a corporation Total Construction Services, Inc. (hereinafter "Total Construction").  Stancill is the sole officer and shareholder of Total Construction.  On or about March 25, 2003, Defendant Stancill, on behalf of Defendant Total Construction, entered into a collective bargaining agreement with the Philadelphia Laborers' District Council.  Total Construction engages in identical work to Pyramid.  Its address and telephone numbers reflected on the signature page are identical to those used by Pyramid.

Through the instant action, Plaintiffs seek, among other things, to pierce the corporate veil of Pyramid Construction Group and hold its principal, William Stancill, responsible for benefit fund contributions owed by Pyramid Construction Group, Inc.  Plaintiffs also seek to establish that Defendant F&A is an alter ego of Pyramid.  Further, Plaintiffs intend to establish Defendant Total Construction is an alter ego or successor to

Pyramid.  Under these theories, Plaintiffs may collect benefit fund contributions from Defendants.

Plaintiffs contend Pyramid is <u>not</u> an indispensable party to this action.  As a practical matter, moving Defendants have nothing to gain from having Pyramid in this action.  In its Bankruptcy Petition, Pyramid represents its total assets to be $25.00.  (See Exhibit "A").  For the reasons set forth herein, Plaintiffs submit Pyramid Construction Group is not an indispensable party to the instant litigation as defined by Federal Rule of Civil Procedure 19.

**II.   ARGUMENT**

Federal Rule of Civil Procedure 19 governs the designation of a party as "indispensable."  The first step in the analysis under Rule 19 is to ascertain if a party is a "necessary party who should be joined in the action" within the meaning of Rule 19(a) *Bank of America National Trust and Savings Association v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1053 (3rd Cir. 1988).  Rule 19(a) provides:

> **(a) Persons to be Joined if Feasible.**  A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the persons's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the persons's ability to protect that interest or (ii)

> leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person shall be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Under the analysis employed by the 3rd Circuit, if a court determines that a party is a necessary party that should be joined within the meaning of 19(a), the court then must join the party if feasible. If the party is not determined to be a necessary party, no further inquiry is necessary. *Id*. at 1054.

The Rule further directs that if a court determines a party is "necessary" under Rule 19(a) and that party cannot be joined, the court "must proceed to the second step of the analysis, which requires that to assess whether or not, in equity and good conscience, the action should proceed in the necessary party's absence." *Freedom International Trucks, Inc. of New Jersey v. Eagle Enterprises, Inc.*, 1998 WL 695397*2 (E.D. Pa. 1998, Reed, J.) quoting *Associated Dry Goods Corp. v. Towers Financial Corp.* 920 F.2d 1121, 1124 (2nd Cir. 1990).

Numerous cases support the proposition that a bankrupt debtor is not an indispensable party within the meaning of Rule 19(a). See, e.g., *Freedom International Trucks, Inc. of New Jersey v. Eagle Enterprises, Inc.* 1998 WL 695397 (E.D. Pa. 1998,

9

Reed, J.); *Dental Benefit Management, Inc.,* 153 B.R. 26, 28 (E.D. Pa. 1992; *Cushman and Wakefield, Inc. v. Backos,* 129 B.R. 35, 36 (E.D. Pa. 1991); *Fanning v. Black & Decker, Inc.*, 1999 WL 163628 (1999 E.D. Pa.) 1999, Reed, J.

For example, in *Freedom International, supra*, the issue of whether a bankrupt debtor was an indispensable party arose in the context of a Rule 21 Motion to Sever. The plaintiff, Freedom International Trucks, brought claims for breach of contract, check enforcement, fraud, civil conspiracy, and piercing corporate veil against Eagle Enterprises and individual defendants, Robert Ferro, Sonya Ferro and Patricia Ferro. After suit was filed, Eagle filed a Petition for Bankruptcy under Chapter 11 which was later converted to a Chapter 7 liquidation case. The court determined, after looking to the factors in Rule 19(a) that Eagle was not a "necessary party" as defined by Rule 19(a). *Id.*, 1998 WL 695397*2.

Significantly, in Freedom International, supra, the court also directly considered whether permitting the case to proceed against the individual defendants would in any way frustrate the automatic stay provisions of the Bankruptcy Code, Judge Reed determined that permitting the claims to proceed against the individual defendants would not be in contravention of the provisions of the Bankruptcy Code. *Id.* at 1998 WL 695397*3. In fact, the Court noted that it would be unfairly prejudicial to

prohibit the plaintiff from proceeding against the non-bankrupt defendants until the bankruptcy proceedings were resolved.  *Id*. at 1998 WL 695397*4.  The reasoning employed by Judge Reed applies equally in the case sub judice.

Another court in this district addressing factually similar circumstances also determined that the plaintiff could proceed with an action seeking to pierce the corporate veil of a bankrupt defendant.  *Konczyk v. Fillmyer*, 1986 WL 3078 (E.D. Pa. 1986, Kelly, J.).  Although the bankrupt corporate defendant, UCHL, had been an original party to the action, the claims against it had been severed following the bankruptcy.  The case then proceeded against a related corporation, International Cosmetic Laboratories, Inc. (ICL) and common owners and officers of the two corporations.  Defendant, ICL, asserted that the determination of piercing the corporate veil of UCHL could only be resolved by the bankruptcy court.  ICL further argued that the automatic stay provision of the Bankruptcy Code would preclude any action to pierce the corporate veil of the bankrupt company and contended that an action in District Court seeking to pierce the corporate veil of the bankrupt defendant would frustrate the bankruptcy court's proceedings.  Judge Kelly, relying upon *In re: Inforex, Inc.*, 26 Bankr. 515 (Bankr. D.Mass. 1983), noted that the bankruptcy of the corporation did not preclude a finding of liability against the principals of the business.  The Court

aptly noted "the fact that plaintiffs' claim against the defendant who is in bankruptcy proceeding is stayed should not frustrate plaintiffs' claims against the principals of the bankrupt.)  *Id.* at 1986 WL 3078*2.

There is no reason why plaintiffs cannot proceed with this action to pierce the corporate veil and hold Defendants, William Stancill, F&A and Total Construction responsible for their improper actions in connection with Pyramid Construction Group. This action does not in any way implicate the assets of Pyramid. Moreover, the fact that Defendants may have an action for contribution and indemnity from Pyramid should not preclude plaintiffs from proceeding with this action in a timely manner. *Bank of America v. Rittenhouse Hotel Associates, supra,* 844 F.2d at 1054; *Dental Benefit Management, Inc. v. Capri, supra,* 153 B.R. at 28; *Freedom International Trucks v. Eagle Enterprise, supra,* 1998 WL 695397 at *3; *Fanning v. Black and Decker, Inc., supra,* 1999 WL 163628 at *2.

The relevant inquiry as to whether the absent party is "necessary" encompasses two basic questions under Rule 19(a:1) whether full relief can be effectuated among the existing parties to the action and 2) whether prosecution of the action in the absence of the asserted "indispensable party" subjects the existing parties to multiple or inconsistent obligations.  See *Fanning v. Black & Decker, Inc. 1999 WL 163628 at *2.*  There is

no question but that full relief can be accorded among the existing parties.  If Plaintiffs successfully establish a basis for piercing the corporate veil, the law permits recovery of corporate debts against a corporate principal such as Defendant William Stancill, an alter ego such as Defendant, F&A sales or a successor corporation such as Defendant, Total Construction Services.

The issue of whether any of these parties or entities can be held liable for the obligations of Pyramid Construction Group, Inc. to make contributions to various benefit fund contributions is the central issue to be resolved in this matter.  The very need to pursue the action is a direct consequence of Pyramid's decision to seek protection of the bankruptcy court on the eve of the trial of its obligations to Plaintiffs herein.  According to Pyramid's bankruptcy petition, it has assets in the amount of $25.00.  (See Exhibit "A") Thus, it cannot be credibly argued that Pyramid's absence from this matter impedes the ability of the existing parties to render full relief.

Moreover, the fact that existing parties may have a claim against the absent party for contribution or indemnity is insufficient to engender a finding that an absent party should be joined to satisfy the provisions of Rule 19(a).  "Rule 19 does not require the joinder of joint tortfeasors, nor principals and agents, nor persons against whom the defendant may have a claim

for contribution. "*Fanning, supra, citing Hall v. National Services Industries, Inc.* 172 F.R.D. 157, 159-60 (E.D. Pa. 1997).

The second prong of the "necessary party" inquiry under Rule 19(a) requires an inquiry as to whether the existing parties will be subject to inconsistent or multiple obligations by virtue of the absence of the purported "indispensable party." Once again, the answer must be a resounding "no." This action will determine facts and legal issues underlying the question of whether Defendants Stancill, F&A and/or Total Construction may be held liable in whole or in part for the obligations of Pyramid to make contributions to the union and benefit funds of the Philadelphia Laborers' District Council. These issues will be conclusively resolved in this proceeding. The liability of Pyramid is not implicated by these proceedings with the exception of a potential claim by the Defendants against Pyramid for contribution or indemnity. As noted earlier, it is well established that a party potentially liable for contribution is not deemed a necessary party without whom complete relief is unaffordable. *Bank of America v. Rittenhouse Hotel Associates, supra,* 844 F.2d at 1054; *Dental Benefit Management, Inc. v. Capri,* 153 B.R. 26 (E.D. Pa. 1992); *Freedom International Trucks v. Eagle Enterprise, supra,* 1998 WL 695397 at *3.

Plaintiffs contend this court need not undertake the Rule 19(b) inquiry because moving defendants cannot establish that

14

Pyramid is a "necessary party" as defined by Federal Rule of Civil Procedure 19(a). Nonetheless, assuming the Court should reach this inquiry, Plaintiffs submit the equities favor permitting Plaintiffs to proceed without Pyramid. Rule 19(b) requires the court to "assess whether or not, in equity and good conscience, the action should proceed in the necessary party's absence," *Freedom International Trucks v. Eagle Enterprise, supra, 1998 WL 695397 at \*2 quoting Associated Dry Goods v. Towers Fin. Corp. 920 F.2d 1121, 1124 (2d Cir. 1990)*. There is no question but that the case should proceed.

This is Plaintiffs' sole opportunity to collect the monies at issue. Defendant Stancill is the only officer and owner of Pyramid and Defendants, F&A and Total Construction Services. Defendant Stancill, after placing Pyramid in bankruptcy incorporated Defendant Total Construction and entered into another collective bargaining agreement with the Philadelphia Laborers' District Council. Defendant, Total Construction engages in the same line of business in which Pyramid previously engaged. While Defendants apparently thrive, benefit fund contributions are owed by an entity against whom Plaintiffs are unable to act. The corporate principals are not entitled to and should not receive the benefit of the bankruptcy stay of proceedings. As noted by Judge Kelly in *Konczyk v. Fillmyer, 1986 WL 3078 at \*2*, "The fact that Plaintiffs' claim against a

defendant who is in bankruptcy proceedings is stayed should not frustrate plaintiffs' claims against the principals of the bankrupt."

Judge Ditter expressed a similar sentiment in *Dental Benefit Management v. Capri, 153 B.R. 26 (E.D. Pa. 1992)* in which one of the individuals to a pending RICO action had filed a petition for bankruptcy. Rejecting a claim by the remaining defendants that the bankrupt individual was an "indispensable party," Judge Ditter stated "It does not make sense that a defendant should gain even temporary immunity from RICO and antitrust penalties because he is fortunate enough to have a co-conspirator in bankruptcy." *Id. at 28.*

Similarly, Plaintiffs herein should not be deprived of the opportunity to proceed against Defendants, Stancill, F&A and Total Construction, because of Pyramid's bankruptcy. Pyramid may successfully avoid its obligations to the Funds by virtue of the bankruptcy petition. Pyramid's principal, William Stancill and his other corporations, F&A and Total Construction, cannot hide behind that bankruptcy filing. Plaintiffs deserve the opportunity to proceed with this action in a timely fashion. To deprive them of the opportunity would leave them without a forum or opportunity to pursue these issues.

Based upon all of the foregoing, plaintiffs respectfully request that this Honorable Court deny the motions of Defendants to Dismiss Plaintiffs' Complaint.

                                          Respectfully submitted,

                                          _____
                                          NANCY L. GOLDSTEIN, ESQUIRE
                                          Attorney for Plaintiffs
                                          I.D. #40019
                                          Suite 702, One Montgomery Plaza
                                          Norristown, PA 19401
                                          (610) 277-1700