**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD A. McCURDY, JR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-2879 |
| | : | |
| WILLIAM STANCILL | : | |
| And | : | |
| F&A SALES AND SERVICES, INC. | : | |

## **O R D E R**

AND NOW, this         day of                  , 2002, upon consideration of the Motion of Plaintiffs to Compel the Depositions of William Stancill and Kathy Reid and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and that William Stancill and Kathy Reid shall appear for depositions in the offices of Plaintiffs' counsel within five (5) days of the date of this Order or suffer sanctions.

It is further ORDERED that Plaintiffs' counsel shall be entitled to file an Affidavit of Costs within five (5) days of this Order and shall be reimbursed by the Defendants for costs associated with the filing of this Motion.

BY THE COURT:

_____
Dalzell, J.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD A. McCURDY, JR., et al.    :   CIVIL ACTION
                                   :
              v.                   :
                                   :   NO. 02-2879
                                   :
WILLIAM STANCILL                   :
              And                  :
F&A SALES AND SERVICES, INC.       :
```

**MOTION TO COMPEL DEPOSITIONS OF
WILLIAM STANCILL AND KATHY REID**

Plaintiffs, by and through their attorneys, Masterson, Braunfeld & Milner, LLP, hereby move this Court pursuant to Federal Rule of Civil Procedure 37 for an Order compelling the depositions of William Stancill and Kathy Reid as follows:

1. By letter dated August 8, 2002, counsel for Plaintiffs requested that defense counsel provide dates for the depositions of William Stancill and Kathy Reid, suggesting that such depositions should take place in late September after responses to discovery were served. A true and correct copy of the letter of August 8, 2002 is attached hereto and marked Exhibit "A."

2. By letter dated September 5, 2002, Plaintiffs' counsel contacted defense counsel requesting dates for the depositions of William Stancill and Kathy Reid. A true and correct copy of the letter of September 5, 2002 is marked Exhibit "B" hereto.

3. Having received no response, by letter dated September

12, 2002, Plaintiffs' counsel reminded defense counsel that discovery responses were overdue and that the discovery deadline of November 1 was looming.  That letter also requested convenient dates for the depositions of William Stancill and Kathy Reid.  A true and correct copy of counsel's letter of September 12, 2002 is attached hereto and marked Exhibit "C."

    4.   On or about September 17, 2002, counsel for Plaintiffs and Defendant spoke and determined that depositions would be conducted on October 15 and 16, 2002.  Copies of the Notices of Deposition for Kathy Reid and William Stancill were forwarded. True and correct copies of correspondence of September 17, 2002 and Deposition Notices for William Stancill and Kathy Reid are attached as Exhibit "D" hereto.  During the course of the telephone conversation on September 17, 2002, counsel for Defendant indicated a desire to take depositions of Perry N. Blackman, C.P.A., and Milton Campbell, a Business Manager for Laborers' Local 135.  By letter dated October 2, 2002, Plaintiffs' counsel wrote to counsel for Defendant advising that Mr. Campbell would be available for deposition at 1:00 p.m. on October 16, 2002 but that a subpoena would be necessary and that Mr. Blackman would be available for deposition at 2:00 on October 16, 2002.

    5.   By letter dated October 4, 2002, counsel for Defendant advised that his client insisted that the order of the depositions should be that Perry Blackman be deposed first.  A

true and correct copy of defense counsel's letter of October 4, 2002 is attached hereto and marked Exhibit "E."

6. Moreover, Perry Blackman, C.P.A., is an expert and until fact depositions and production of documents is complete, he cannot be expected to testify as to the totality of opinions to be proffered at trial.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter the attached Order requiring the depositions of William Stancill and Kathy Reid to proceed.

        MASTERSON, BRAUNFELD & MILNER, LLP


By: _____
Nancy L. Goldstein, Esquire
Identification No. 40019
Attorney for Plaintiffs
Suite 702, One Montgomery Plaza
Norristown, PA 19401
(610) 277-1700

**CERTIFICATION OF SERVICE**

    I, Nancy L. Goldstein, Esquire hereby certify that on the 11th day of October, 2002, I caused a true and correct copy of the Motion to Compel Depositions of William Stancill and Kathy Reid to be served upon the following counsel counsel by transmitting same via facsimile number (215)717-1220.

> Gary M. Gusoff, Esquire
> 1617 John F. Kennedy Boulevard
> Suite 1250, One Penn Center
> Philadelphia, PA 19103
> 215-717-1212
> Attorney for Defendant
> William Stancill

                      MASTERSON, BRAUNFELD & MILNER, LLP

               By: _____
                    Nancy L. Goldstein, Esquire

Dated:_____

**CERTIFICATION OF GOOD FAITH**

I hereby certify that I have conferred with Gary Gusoff, Esquire, in an effort to resolve these issues without the need for court action.

```
                              _____
                              Nancy L. Goldstein, Esquire
```