```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RICHARD A. MCCURDY, JR., et al. : CIVIL ACTION
                                :
            v.                  :
                                :
WILLIAM STANCILL et al.         : NO. 02-2879

ORDER

AND NOW, this 30th day of October, 2002, upon consideration of defendant William Stancill's motion to dismiss complaint (docket entry #6), defendant Total Construction Services' motion to dismiss complaint (docket entry # 7), defendant F&A Sales and Services' motion to dismiss complaint (docket entry # 8), plaintiffs' response thereto, and the Court finding that:

(a) On February 20, 2001, plaintiffs filed suit against Pyramid Construction Group ("Pyramid") for failure to comply with various terms of a collective bargaining agreement;[1]

(b) On February 5, 2002, quite literally on the eve of trial, Pyramid filed a voluntary petition for Chapter 7 bankruptcy in the District of New Jersey;[2]

(c) On or about March 23, 2002, defendant Total Construction was incorporated;[3]

---

[1] McCurdy et al. v. Pyramid Construction, Civ. No. 01-840. We placed this case in civil suspense on February 5, 2002 following notice that defendant had filed for bankruptcy. Trial was scheduled to commence on February 6, 2002.

[2] Pyramid's bankruptcy petition states that it has assets of $25.00 and liabilities totalling $209,500.00. See Pl.'s Mem. Exh. A.

[3] According to the complaint, Total Construction's sole officer, director, and shareholder is believed to be defendant William Stancill. See Compl. ¶ 21.

(d)  On May 14, 2002, plaintiffs filed the present suit against defendants William Stancill, Total Construction Services ("Total Construction"), and F&A Sales and Services ("F&A");

(e)  The new complaint alleges that defendants are liable for Pyramid's failure to comply with the collective bargaining agreement because (1) the defendants are Pyramid's alter egos, see Compl. ¶ 76; (2) Pyramid, F&A, and Total Construction functioned as a single employer at all relevant times, see Compl. ¶ 66; (3) they failed to observe corporate formalities and the separation of assets, see Compl. ¶¶ 68, 77; and (4) defendant Total Construction is Pyramid's successor and is liable for amounts that Pyramid owed to plaintiffs, see Compl. ¶¶ 70, 85;

(f)  Before us are the defendants' motions to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(7), for failure to join Pyramid under Fed. R. Civ. P. 19;[4]

(g)  Defendants argue that Pyramid is a necessary and indispensable party to this case, and because Pyramid's bankruptcy precludes joinder, we must dismiss the complaint;

(h)  Rule 19(a) governs the joinder of "necessary" parties;

(i)  Rule 19(b) provides that, if joinder of a necessary party is not feasible and the court determines that

---

[4] Although each defendant filed a separate motion to dismiss, they are identically worded. For purposes of our analysis, we will consider them as a single motion.

2

such party is "indispensable," the court must dismiss the cause of action;

(j) Because a party cannot be "indispensable" under Rule 19(b) unless it is "necessary" under Rule 19(a), we begin by considering whether the defendants have established that Pyramid is a necessary party;[5]

(k) In determining whether an absent party is necessary under Rule 19(a), we ask (1) whether full relief can be accorded among those who are already parties without the absent party's joinder and (2) whether disposition of the action without the absent party will (i) as a practical matter impair or impede the absent party's ability to protect its interest or (ii) subject any of the already-named parties to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations";

(l) Although the defendants' unpaginated briefs advance their reasons why Pyramid is "indispensable" under Rule 19(b) without first pausing to explain why Pyramid is "necessary," three of their Rule 19(b) arguments speak to factors that are relevant under Rule 19(a)(2);

(m) First, defendants argue that Pyramid's absence will impede its ability to protect its interests because the

---

[5] Under both Rules 12(b)(7) and 19, the moving party bears the burden of showing why an absent party should be joined. See Mfrs. Life Ins. Co. (U.S.A.) v. Stacey's Buffet, Inc., No. 95-5503, 1995 WL 710160, at 1 (E.D. Pa. Nov. 29, 1995) (Waldman, J.) (Rule 12(b)(7)); Nat'l Org. on Disability v. Tartaglione, No. 01-1923, 2001 WL 1231717, at 8 (E.D. Pa. Oct. 11, 2001) (Padova, J.) (Rule 19).

present case necessarily requires adjudication of Pyramid's liability;

  (n) However, Rule 19(a)(2)(i) directs us to consider only whether Pyramid's absence will "as a practical matter" impede its ability to protect its interests, and defendants have not articulated any reason why they cannot adequately represent Pyramid's interests during this litigation, see <u>Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.</u>, 94 F.3d 1407, 1411-12 (10th Cir. 1996); <u>Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.</u>, 610 F.2d 1185, 1191 (3d Cir. 1979);

  (o) Second, defendants conclusorily contend that it "is clear" that Pyramid's absence will impede their interest in avoiding multiple litigation and inconsistent relief, but they offer no support for this assertion;

  (p) Third, defendants argue that if Pyramid is not joined, they will be prejudiced by the absence of a party "whose responsibility for either shared liability or sole responsibility should be adjudicated by this Court," Defs.' Mems. at 7;

  (q) While it is true that defendants may have a claim for contribution or indemnity against Pyramid, this possibility does not prevent plaintiffs from proceeding against the defendants, see <u>Freedom Int'l Trucks, Inc. of New Jersey v. Eagle</u>, No. 97-4237, 1998 WL 695397, at 3 (E.D. Pa. Oct. 5, 1998) (Reed, J.) ("[I]t is well established that Rule 19 does not require the joinder of joint tortfeasors, nor principals and agents, nor persons against whom the defendant may have a claim for contribution.");

(r) Because defendants have not shown that Pyramid is "necessary" under Rule 19(a), we need not consider whether Pyramid is "indispensable" under Rule 19(b), see Bank of America Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1053-54 (3d Cir. 1988);

It is hereby ORDERED that defendants' motions to dismiss (docket entry ## 6, 7, and 8) are DENIED.

BY THE COURT:

_____
Stewart Dalzell, J.