```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD A. MCCURDY, JR., et al. :    CIVIL ACTION
                                :
          v.                    :
                                :
WILLIAM STANCILL et al.         :    NO. 02-2879
```

ORDER

AND NOW, this 8th day of January, 2003, upon consideration of plaintiffs' motion for a protective order (docket entry # 29), and defendants' response thereto, and the Court finding that:

(a)  The latest discovery dispute in this case concerns defendants' request to continue the deposition of Perry N. Blackman, C.P.A.[1];

(b)  Defendants contend that the deposition must continue because Mr. Blackman has stated that, in the course of auditing Pyramid's payroll records, "when there was a question in his mind as to whether the 'employee' was engaged in covered employment, he would err on the side of the Funds for inclusion," and defendants are entitled to discover the basis for the conclusions he reached about individual employees, Defs.' Resp. at 2-3;

(c)  Defendants also note that Mr. Blackman's deposition on December 20, 2002 ended at 4:00 p.m. in order to accommodate Mr. Blackman's schedule;

---

[1] Mr. Blackman performed the initial audit of Pyramid Construction's payroll records that precipitated this litigation by identifying workers for whom Pyramid did not make contributions to union benefit funds.  Pyramid contends that its collective bargaining agreement did not cover these workers.

   (d) Finally, defendants have informed the Court that although plaintiffs regard Mr. Blackman as an expert witness, they have not provided the written expert's report required under Fed. R. Civ. P. 26(a)(2)(B);

   (e) Plaintiffs argue that Mr. Blackman's audit report and month-by-month spreadsheet identify all the workers and man-hours at issue in this case, see Pls.' Mot. Exs. A and B, and that plaintiffs can rely on their own records to determine whether Mr. Blackman erred in concluding that these workers and man-hours were governed by the collective bargaining agreement;

   (f) Plaintiffs further note that Mr. Blackman has already answered defendants' questions about the methodologies, assumptions, and formulas he used to reach the conclusions contained in his report;

   (g) We agree with plaintiffs that it would be unduly burdensome to require Mr. Blackman to "guide [defendants] through every individual finding in the report making reference back to individual checkstubs, entries and calculations," Pls.' Mot. at 2;

   (h) However, defendants should not be penalized for ending the December 20, 2002 deposition at 4:00 p.m. out of courtesy to Mr. Blackman, and we further find that, if plaintiffs intend to proffer Mr. Blackman as an expert witness, defendants are entitled to all the disclosures mentioned in Rule 26(a)(2)(B);

   It is hereby ORDERED that:

1. Defendants may RESUME the deposition of Perry N. Blackman, C.P.A., at his office, for no longer than one hour, with no obligation to compensate Mr. Blackman for his participation in the deposition;

2. Prior to Mr. Blackman's deposition, plaintiffs shall DISCLOSE to defendants whether they plan to proffer Mr. Blackman as an expert witness, and if they so intend, their disclosure shall be accompanied by a written report containing all information required under Fed. R. Civ. P. 26(a)(2)(B), except that the report need not duplicate Mr. Blackman's prior testimony on his "methodologies, assumptions and formulas"; and

3. Defendants having also reported that, in their view, a settlement conference with Judge Hart would be productive after the completion of both Mr. Blackman's deposition and their expert's report, it is further ORDERED that:

(a) Defendants shall NOTIFY the Court upon the completion of Mr. Blackman's deposition and their expert's report; and

(b) After receipt of defendants' expert's report, plaintiffs shall REPORT to the Court whether they would regard a settlement conference with Judge Hart as productive.

BY THE COURT:

_____
Stewart Dalzell, J.